**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JAY E. MICHAEL**, as Administrator of the Estate of Alexander S. Menhenett, deceased, : : : : | |
| : | Case No. 2:24-cv-4002 |
| Plaintiff, : : | |
| v. : : | Judge: |
| **CITY OF WHITEHALL**, *et al.*, : : | |
| Defendants. : | |

**ANSWER OF OFF DUTY SERVICES, INC., TO PLAINTIFF'S COMPLAINT
(Jury Demand Endorsed Hereon)**

Now comes Defendant Off Duty Services, Inc., (hereinafter "Defendant"), by and through counsel, and in answer to Plaintiff's Complaint states and avers as follows:

1. The allegations contained in paragraphs 1 through 25 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

2. It is admitted that there was an Exhibit attached to the Complaint. All other allegations contained in 26 of Plaintiff's Complaint are denied for want of knowledge.

3. The allegations contained in paragraph 27 through 69 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

**FIRST CLAIM FOR RELIEF: FALSE ARREST**

4. Defendant restates its answers to paragraphs 1 through 69 as though fully rewritten herein as it relates to paragraph 70.

5. The allegations contained in paragraphs 71 through 72 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

**SECOND CLAIM FOR RELIEF: EXCESSIVE FORCE**

6. Defendant restates its answers to paragraphs 1 through 72 as though fully rewritten herein as it relates to paragraph 73.

7. The allegations contained in paragraphs 74 through 75 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

### THIRD CLAIM FOR RELIEF: MUNICIPAL LIABILITY

8. Defendant restates its answers to paragraphs 1 through 75 as though fully rewritten herein as it relates to paragraph 76.

9. The allegations contained in paragraphs 77 through 79 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

### FOURTH CLAIM FOR RELIEF: ASSAULT AND BATTERY

10. Defendant restates its answers to paragraphs 1 through 79 as though fully rewritten herein as it relates to paragraph 80.

11. The allegations contained in paragraphs 81 through 82 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

### FIFTH CLAIM FOR RELIEF: NEGLIGENT HIRING, TRAINING, AND RETENTION

12. Defendant restates its answers to paragraphs 1 through 82 as though fully rewritten herein as it relates to paragraph 83.

13. The allegations contained in paragraph 84 of Plaintiff's Complaint are denied.

14. The allegations contained in paragraph 85 of Plaintiff's Complaint are denied.

15. The allegations contained in paragraph 86 of Plaintiff's Complaint are denied.

16. The allegations contained in paragraph 87 of Plaintiff's Complaint are denied.

### SIXTH CLAIM FOR RELIEF: SURVIVORSHIP & WRONGFUL DEATH

17. Defendant restates its answers to paragraphs 1 through 87 as though fully rewritten herein as it relates to paragraph 88.

18. The allegations contained in paragraphs 89 through 90 of Plaintiff's Complaint are denied for want of knowledge or because it requires a legal conclusion.

19. Defendant hereby denies each and every allegation contained in Plaintiff's Complaint that was not specifically admitted or denied including but not limited to the wherefore clause of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and Defendant reserves it right to file a Motion to Dismiss any or all Counts of Plaintiff's Complaint.

2. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

3. Plaintiff's claims are barred by the doctrine of comparative and/or contributory negligence and/or Plaintiff's assumption of risk. Such conduct serves as a bar to one or more of Plaintiff's claims and/or entitles Defendant to a reduction in damages pursuant to ORC Section 2307.22, *et seq.* and Section 2315.32, *et seq.*

4. Plaintiff's damages were proximately caused by the intervening and/or superseding misconduct of parties not under the control of the answering Defendant.

5. Defendant raises, asserts, and preserves its Rule 12(B)(1), Rule 12(B)(2), Rule 12(B)(4), and Rule 12(B)(5) defenses of lack of jurisdiction over the subject matter and over the person, insufficiency of process, and insufficiency of service of process.

6. All or part of Plaintiff's alleged damages were caused by the acts or omissions of another or others whose conduct answering Defendant had no reason to anticipate or for whose conduct the Defendant was not responsible.

7. Any allocation of liability must be consistent with, and must include, the faults of others and non-parties pursuant to R.C. Section 2307.22 and R.C. Section 2307.23.

8. Defendant enjoys a qualified and/or absolute immunity, including statutory immunity under R.C Section 2307.22, et seq. and/or privilege in this case.

9. Defendant's actions are protected by a qualified and/or absolute privilege. This Defendant has qualified immunity, absolute immunity, a qualified privilege and/or absolute privilege which bars Plaintiff's action.

10. Plaintiff's claims are subject to the immunities, defenses, and limitations on damages set forth in Chapter 2744 of the Ohio Revised Code and other applicable statutory immunity.

11. Defendant reserves the right to raise such additional defenses as to all claims alleged as may become available through discovery.

WHEREFORE, having fully answered, these answering Defendants demand that said Complaint against them will be dismissed, with prejudice, at Plaintiff's costs.

Respectfully submitted,

*/s/ Jennifer L. Myers*
Jennifer L. Myers (0075401)
POLING
300 East Broad Street, Suite 350
Columbus, OH  43215
Phone:  (614) 737-2900
Facsimile:  (614) 737-2929
E-mail:  jennifer@poling-law.com
*Attorney for Off Duty Services, Inc.*

**JURY DEMAND**

Defendant hereby requests a trial on all issues with the maximum number of jurors permitted by law.

*/s/ Jennifer L. Myers*
Jennifer L. Myers (0075401)

## **CERTIFICATE OF SERVICE**

Copies of the foregoing were sent via Email and/or regular U.S. Mail this 22nd day of October, 2024, to the following:

Michael J. Rourke
Timothy M. Mahler
ROURKE & BLUMENTHAL, LLC
495 S. High Street, Suite 450
Columbus, Ohio 43215
mrourke@randbllp.com
tmahler@randbllp.com
*Attorneys for Plaintiff*

City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Road
Whitehall, Ohio 43213
*Defendant*

Kyle D. Schneider
Whitehall Police Department
c/o Bradley Nicodemus
360 S. Yearling Road
Whitehall, Ohio 43213
*Defendant*

Walmart, Inc.
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219
*Defendant*

/s/ *Jennifer L. Myers*
Jennifer L. Myers (0075401)