IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jay E. Michael, as the Administrator of the Estate of Alexander S. Menhenett, deceased, | : : : | Case No. 2:24-cv-04002 |
| | : | JUDGE |
| Plaintiff, | : : : | JURY DEMAND ENDORSED HEREON |
| vs. | : : | |
| City of Whitehall et al, | : | |
| Defendant. | | |

## ANSWER OF IMPROPERLY CAPTIONED DEFENDANT WALMART, INC.

Now comes Defendant Wal-Mart Stores East, LP ("Wal-Mart"), incorrectly identified in the Complaint as "Walmart, Inc." for their Answer to Plaintiff's Complaint, hereby for its first defense responds to Plaintiff's Complaint in like numbered paragraphs:

## THE PARTIES

1.   Defendant denies for want of knowledge the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.   Defendant denies for want of knowledge the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.   Defendant denies for want of knowledge the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   Defendant denies for want of knowledge the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.   Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION & VENUE

6. Paragraph 6 of Plaintiff's Complaint refers to a legal conclusion for which no response is required.  Further answering, Defendant denies for want of knowledge the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies for want of knowledge the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTS

**(A)** **Relevant Background Regarding Alex Menhenett**

8. Defendant denies for want of knowledge the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies for want of knowledge the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies for want of knowledge the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies for want of knowledge the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies for want of knowledge the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies for want of knowledge the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies for want of knowledge the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies for want of knowledge the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**(B) Relevant Background Regarding Defendant Kyle Schneider**

16. Defendant denies for want of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies for want of knowledge the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies for want of knowledge the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies for want of knowledge the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies for want of knowledge the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that Schneider was assigned to the Wal-Mart located at 3657 E. Main Street on occasion. The remaining allegations are denied.

22. Defendant denies for want of knowledge the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies for want of knowledge the allegations contained in Paragraph 23 of Plaintiff's Complaint.

**(C) The Subject Incident**

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies for want of knowledge the allegations contained in Paragraph 25

of Plaintiff's Complaint.

26. Paragraph 26 of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

27. Paragraph 27 of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

28. Paragraph 28 of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

29. Paragraph 29 of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

30. Paragraph 30 of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

31. Paragraph 31 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

32. Paragraph 32 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

33. Paragraph 33 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document,

or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

34. Paragraph 34 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

35. Paragraph 35 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

36. Paragraph 36 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

37. Paragraph 37 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

38. Paragraph 38 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

39. Paragraph 39 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

40. Paragraph 40 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

41. Defendant denies for want of knowledge the allegations regarding typical handcuffing practices. The remaining allegations refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

42. Paragraph 42 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

43. Paragraph 43 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

44. Paragraph 44 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

45. Paragraph 45 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

46. Paragraph 46 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

47. Paragraph 47 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document, or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

48. Paragraph 48 of Plaintiff's Complaint of Plaintiff's Complaint refers to a document,

or other tangible evidence, that speaks for itself and for which no response is required; to the extent any response is required, denied.

49. Defendant denies for want of knowledge the allegations contained in Paragraph 49 of Plaintiff's Complaint.

**(D)** **Charges Filed Against Alex Menhenett**

50. Defendant denies for want of knowledge the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies for want of knowledge the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies for want of knowledge the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Paragraph 53 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denies.

54. Defendant denies for want of knowledge the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

**(E)** **Whitehall Police Use of Force Policy**

56. Defendant denies for want of knowledge the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies for want of knowledge the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies for want of knowledge the allegations contained in Paragraph 58

of Plaintiff's Complaint.

59. Defendant denies for want of knowledge the allegations contained in Paragraph 59 of Plaintiff's Complaint.

**(F)** **<u>Excessive and Deadly Force Used Against Alex for an Unlawful Arrest</u>**

60. Defendant denies for want of knowledge the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Paragraph 61 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denies.

62. Defendant denies for want of knowledge the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies for want of knowledge the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies for want of knowledge the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies for want of knowledge the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies for want of knowledge the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies for want of knowledge the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies for want of knowledge the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies for want of knowledge the allegations contained in Paragraph 69

of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF:  FALSE ARREST

70. Defendant reincorporates all prior responses and denials in response to Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF – EXCESSIVE FORCE

73. Defendant reincorporates all prior responses and denials in response to Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF:  MUNICIPAL LIABILITY

76. Defendant reincorporates all prior responses and denials in response to Paragraph 76 of Plaintiff's Complaint.

77 This Paragraph contains no factual allegations against this Defendant; otherwise, denied.

78. This Paragraph contains no factual allegations against this Defendant; otherwise, denied.

79. This Paragraph contains no factual allegations against this Defendant; otherwise,

denied.

## **FOURTH CLAIM FOR RELIEF: ASSAULT AND BATTERY**

80. Defendant reincorporates all prior responses and denials in response to Paragraph 80 of Plaintiff's Complaint.

81. This Paragraph contains no factual allegations against this Defendant; otherwise, denied.

82. This Paragraph contains no factual allegations against this Defendant; otherwise, denied.

## **FIFTH CLAIM FOR RELIEF: NEGLIGENT HIRING, TRAINING, AND RETENTION**

83. Defendant reincorporates all prior responses and denials in response to Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

## **SIXTH CLAIM FOR RELIEF – SURVIVORSHIP & WRONGFUL DEATH**

88. Defendant reincorporates all prior responses and denials in response to Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's

Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

***

Now comes Wal-Mart, and for its affirmative defenses, states as follows:

## SECOND DEFENSE

91. Defendant denies all allegations contained in Plaintiff's Complaint, not expressly admitted in this Answer.

## THIRD DEFENSE

92. Plaintiff and/or Plaintiff's decedent may have failed to mitigate damages.

## FOURTH DEFENSE

93. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

94. Plaintiff's claims are barred in whole, or in part, pursuant to decedent's comparative/contributory negligence.

## SIXTH DEFENSE

95. Plaintiff's claim for damages may be limited or barred under the due process clauses of the Federal and Ohio Constitutions.

## SEVENTH DEFENSE

96. Plaintiff's Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom Defendant are not responsible, including those not presently known to Defendant.

**EIGHTH DEFENSE**

97. After the facts of this case are known, following discovery, Plaintiff's damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

**NINTH DEFENSE**

98. In the event Defendant are found negligent, such liability denied, they are only liable for their proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq*.

**TENTH DEFENSE**

99. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq*.

**ELEVENTH DEFENSE**

100. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq*.

**TWELFTH DEFENSE**

101. These Defendant are absolutely immune for the allegations contained in the Complaint and/or judicially immune and/or enjoy a prosecutorial absolute immunity and/or enjoy an absolute or qualified immunity and/or privilege.

**THIRTEENTH DEFENSE**

102. Plaintiff's damages may be subject to statutory set off of damages or limitations set forth under Ohio and/or Federal law.

**FOURTEENTH DEFENSE**

103. Plaintiff's claims are barred to the extent the omissions, conduct, and voluntary acts of Plaintiff proximately caused, or otherwise contributed to, the matters of which Plaintiff complains.

**FIFTEENTH DEFENSE**

104. To the extent Wal-Mart's employees acted outside the course and scope of their employment, Wal-Mart is not responsible for their actions and the consequences of those actions.

**SIXTEENTH DEFENSE**

105. Wal-Mart reserves the right to assert additional defenses as discovery is ongoing.

**WHEREFORE**, Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be ordered to pay all costs and reasonable attorney fees sustained by this Defendant, and for all other relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Thomas N. Spyker*
Thomas N. Spyker, Trial Attorney  (0055570)
Jackie M. Jewell (0090499)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; Fax (614) 232-2410
tspyker@reminger.com
jjewell@reminger.com
*Counsel for Defendant, Walmart*

**JURY DEMAND**

Now come Defendant and hereby requests a jury to hear all of the issues of this case.

*/s/ Thomas N. Spyker*
Thomas N. Spyker, Trial Attorney  (0055570)
Jackie M. Jewell (0090499)

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and accurate copy of the foregoing document was sent via the Court's electronic filing system, and/or regular U.S. mail, this 29th day of October 2024, upon:

Michael J. Rourke, Esq.
Timothy M. Mahler, Esq.
ROURKE & BLUMENTHAL, LLC
495 S. High Street, Suite 450
Columbus, Ohio 43215
mrourke@randbllp.com
tmahler@randbllp.com
*Counsel for Plaintiff*

City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Road
Whitehall, Ohio 43213
*Defendant*

Kyle D. Schneider
Whitehall Police Department
c/o Bradley Nicodemus
360 S. Yearling Road
Whitehall, Ohio 43213
*Defendant*

Off Duty Services, Inc.
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

                                      */s/ Thomas N. Spyker*
                                      Thomas N. Spyker, Trial Attorney  (0055570)
                                      Jackie M. Jewell (0090499)